IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Laquan Parker | : | |
|    Plaintiff | : | |
|        v. | : | Civil Action No. |
| Gretchen Mills, | : | |
|    in her individual capacity, and | : | |
| Andre Cade, | : | |
|    in his individual capacity, and | : | JURY TRIAL DEMANDED |
| Arvel Brown, | : | |
|    in his individual capacity, and | : | |
| Charles Neff, | : | (ELECTRONICALLY FILED) |
|    in his official capacity, | : | |
|    Defendants | : | |

**COMPLAINT**

**I.    INTRODUCTION**

1. Plaintiff, Laquan Parker, brings this action under 42 U.S.C. §1983, against Defendants for violation of Plaintiff's civil rights secured by the Constitution of the United States under the Eighth Amendment and the Fourteenth Amendments to the U.S. Constitution. Plaintiff files this Complaint against the Defendant Mills in her individual capacity for unlawfully assaulting Plaintiff in a manner that amounted to cruel and

unusual punishment. Plaintiff also files this Complaint against Andre Cade in his individual capacity for violating Plaintiff's eighth amendment rights by creating a significant risk of harm as a result of failing to intervene when he directed another juvenile detainee to assault the defendant and watched the assault without regard for Plaintiff Parker's well-being. Plaintiff files this Complaint against Defendant Arvel Brown in his individual capacity for failing to take action against Defendants Cade and Mills when he knew of their unconstitutional activities and failed to protect Plaintiff Parker at the Ravine Academy.

## II.   JURISDICTION

2. This action invokes federal question jurisdiction in that it is brought pursuant to 42 U.S.C. §1983 for violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.

3. Jurisdiction of the Court is based upon 28 U.S.C. §§1331 and 1343.

## III.   VENUE

4. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2).

## IV.   PARTIES

5. Plaintiff Laquan Parker [hereinafter Plaintiff Parker] was a juvenile being detained at the Ravine Academy, 210 Clinic Road, Mountour County, Danville, PA.

6. Defendant Gretchen Mills [hereinafter Defendant Mills] was an employee at the Ravine Academy at all times relevant to this action, who committed the acts and omissions alleged in this Complaint. Plaintiff Parker sues Defendant Mills in her individual capacity.

7. Defendant Andre Cade [hereinafter Defendant Cade] is a Youth Development Counselor Supervisor at the Ravine Academy at all times relevant to this action, who committed the acts and omissions alleged in this Complaint. Plaintiff Parker sues Defendant Cade in his individual capacity.

8. Defendant Arvel Brown [hereinafter Defendant Brown] is a Youth Development Counselor Aide at the Ravine Academy at all times relevant to this action, who committed the acts and omissions alleged in this Complaint. Plaintiff Parker sues Defendant Brown in his individual capacity.

9. Defendant Charles Neff [hereinafter Defendant Neff] was the Director of the North Central Secure Treatment Unit, which operates the Ravine Academy [hereinafter Ravine Academy], and at all times relevant to this action, committed acts and omissions alleged in this Complaint. Plaintiff Parker sues Defendant Neff in his official capacity.

10. At all times herein mentioned, all Defendants were acting under color of state law.

V.   **DAMAGES AND AMOUNT IN CONTROVERSY**

11.  The amount in controversy exceeds $150,000.

VI.   **FACTUAL ALLEGATIONS**

12. Plaintiff Parker, was a juvenile (under 18) at all times relevant to this action.

13. Plaintiff Parker was committed to secure juvenile detention center on April 11, 2007.

14. Plaintiff Parker was sent to Ravine Academy, a program of the North Central Secure Treatment Unit, which is operated by the Department of Public Welfare.

15. On or about, June or July 2007 Defendant Mills sexually assaulted Plaintiff Parker on multiple occasions.

16. On one occasion, Defendant Mills removed Plaintiff Parker from his room.

17. Other Ravine Academy employees questioned Defendant Mills why she was removing Defendant Parker from his room, wherein Defendant Mills informed the other employee that she was going to take him to the laundry room so he could complete laundry.

18. Once Defendant Mills had Plaintiff Parker in the laundry room Defendant Mills sexually assaulted Plaintiff Parker.

19. Defendant Mills also engaged in appropriate touching of Defendant Parker when they were in open settings.

20. Plaintiff Parker asked Defendant Mills to stop touching him.

21. Defendant Mills wrote to Plaintiff Parker after he was released and asked to come visit him.

22. Plaintiff Parker was humiliated and embarrassed by Defendant Mill's assaults. After he received Defendant Mill's letters he became concerned she would stalk him at home and inform his family members of the assault.

23. Defendant Brown had a close relationship with Defendant Mills.

24. On information and belief, the other supervisors, namely Defendant Brown and Defendant Cade, knew about Defendant Mills' practice of assaulting Ravine Academy inmates and these Defendants failed to take action to protect Plaintiff Parker.

25. On information and belief, Defendant Neff knew that staff at the Ravine Academy regularly and routinely engaged in unlawful and unconstitutional conduct with the juvenile detainees.

26. On information and belief, Defendant Neff knew that Ravine Academy staff used improper and unconstitutional means to discipline and maintain order in the facility.

27. On information and belief, Defendant Neff knew that Ravine Academy staff engaged in sexual conduct with the juvenile detainees in violation of their constitutional rights and protections.

28. On or about June 29, 2007 at around 8:20 p.m. Plaintiff Parker was playing cards with another juvenile named Majestu.

29. Defendant Cade entered the room and said "Listen up. This is my shift. I don't want any problems. Does anyone have a problem?"

30. Another juvenile indicated he had a problem with Plaintiff Parker.

31. Defendant Cade asked Plaintiff Parker to follow him.

32. Plaintiff Parker followed Defendant Cade downstairs with another juvenile.

33. The other juvenile questioned Plaintiff Parker and looked to Defendant Cade.

34. On information and belief, Defendant Cade agreed with the Juvenile Detainee to violate Plaintiff Parker's constitutional rights.

35. Defendant Cade shrugged with approval.

36. The other juvenile knocked Plaintiff Parker to the ground and started hitting him.

37. Plaintiff Parker fell and landed face down on the floor and the other inmate jumped on top of Plaintiff Parker.

38. Plaintiff Parker fell again to the ground as the juvenile continued hitting Plaintiff Parker in the head as and he yelled "Cade help!"

39. Plaintiff Parker struggled to get away but was unable to escape, during which time Defendant Cade watched and did nothing to intervene.

40. After some time, Defendant Cade said "that's enough" and the other juvenile immediately stopped assaulting Plaintiff Parker.

41. Defendant Cade then took Plaintiff Parker upstairs and put him in his room.

42. Plaintiff Parker informed a the Ravine Academy nurse about the physical assault.

43. As a result of injuries from this incident Plaintiff Parker has pain, permanent disfigurement of his face, and his shoulder pops out of place under the stress of normal daily activity.

## VI. CONSTITUTIONAL VIOLATIONS

44. The *Eighth Amendment to the U.S. Constitution* provides:

    Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

    U.S. CONST. AMEND VIII.

45. The *Fourteenth Amendment to the U.S. Constitution* provides:

    No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

    U.S. CONST. AMEND XIV.

## VII. CAUSES OF ACTION

46. COUNT ONE – FEDERAL CIVIL RIGHTS VIOLATION

Plaintiff Parker v. Defendant Mills - Claims under 42 U.S.C. §1983: Fourteenth amendment.

    a. Plaintiff Parker incorporates by reference paragraphs 1 through 36.

    b. Plaintiff Parker had a liberty interest in not being forced or compelled by Defendant Mills to engage in coerced sexual activity.

    c. Defendant's acts violated Plaintiff's due process liberty and equal protection rights.

    d. Defendant acted with intent and the unlawful practice engaged in by Defendant was willful or reckless and in deliberate disregard for Plaintiff's federally protected rights.

    e. As a direct and proximate result of Defendant's conduct, Plaintiff Parker incurred damages, costs, attorney fees, and expenses.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Mills for the following:

    i. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's actions were in violation of the Plaintiff's Fourteenth Amendment Rights; and

    ii.    Enjoin Defendant from any further constitutional violations; and

    iii.    Award compensatory damages to Plaintiff Parker; and

    iv.    Award Plaintiff Parker prejudgment interest; and

    v.    Award punitive damages to Plaintiff Parker; and

    vi.    Award costs of suit to include disbursements and attorney's fees to Plaintiff Parker; and

    vii.    Grant such other and further relief as the Court deems fair and equitable to Plaintiff Parker; and

    viii.    Grant a jury trial as to this count.

47. COUNT TWO – FEDERAL CIVIL RIGHTS VIOLATION

Plaintiff Parker v. Defendant Cade - Claims under 42 U.S.C. §1983: Eighth Amendment

    a.  Plaintiff Parker incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

    b.  Defendant Cade deprived Plaintiff of his Constitutional rights guaranteed by the Eighth Amendment to the U.S. Constitution by creating a substantial risk of harm.

   c. Defendant's acts and failures and refusals to act violated Plaintiff's Eighth Amendment rights and his due process liberty and equal protection rights.

   d. Defendant acted with intent and the unlawful practice engaged in by Defendant was willful or reckless and in deliberate disregard for Plaintiff's federally protected rights.

   e. As a direct and proximate result of Defendants' conduct, Plaintiff Parker incurred damages, costs, attorney fees, and expenses.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Cade for the following:

   i. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's actions have subjected Plaintiff Parker to cruel and unusual punishment in violation of 42 U.S.C. §1983; and

   ii. Enjoin Defendant from any further constitutional violations; and

   iii. Award compensatory damages to Plaintiff Parker; and

   iv. Award Plaintiff Parker prejudgment interest; and

   v. Award punitive damages to Plaintiff Parker; and

    vi.    Award costs of suit to include disbursements and attorney's fees to Plaintiff Parker; and

    vii.    Grant such other and further relief as the Court deems fair and equitable to Plaintiff Parker; and

    viii.    Grant a jury trial as to this count.

48. COUNT THREE – FEDERAL CIVIL RIGHTS VIOLATION

Plaintiff Parker v. Defendant Brown - Claims under 42 U.S.C. §1983: Eighth Amendment – cruel and unusual punishment.

    a. Plaintiff Parker incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

    b. As a direct and proximate result of Defendant's conduct Plaintiff Parker was deprived of his Eighth Amendment rights and his equal protection rights under the law.

    c. Defendant acted with intent and the unlawful practice engaged in by Defendant was willful or reckless and in deliberate disregard for Plaintiff's federally protected rights.

    d. As a direct and proximate result of Defendant's conduct, Plaintiff Parker incurred damages, costs, attorney fees, and expenses.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Brown for the following:

    i. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that defendant's actions have subjected Plaintiff Parker to a deprivation of equal protection in violation of 42 U.S.C. §1983; and

    ii. Enjoin Defendant from any further constitutional violations; and

    iii. Award compensatory damages to Plaintiff Parker; and

    iv. Award Plaintiff Parker prejudgment interest; and

    v. Award punitive damages to Plaintiff Parker; and

    vi. Award costs of suit to include disbursements and attorney's fees to Plaintiff Parker; and

    vii. Grant such other and further relief as the Court deems fair and equitable to Plaintiff Parker; and

    viii. Grant a jury trial as to this count.

49. COUNT FOUR– FEDERAL CIVIL RIGHTS VIOLATION

Plaintiff Parker v. Defendant Cade - Claims under 42 U.S.C. §1983 Conspiracy to Violate Civil rights

   a. Plaintiff Parker incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

   b. As a direct and proximate result of Defendant's conduct Plaintiff Parker was deprived of his Eighth Amendment rights and his due process liberty and equal protection rights under the law.

   c. Defendant acted with intent and the unlawful practice engaged in by Defendant when he conspired with the Juvenile Detainee to violate the Plaintiff Parker's Eighth Amendment Rights.

   d. As a direct and proximate result of Defendant's conduct, Plaintiff Parker incurred compensatory damages, costs, attorney fees, and expenses.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Neff for the following:

   i. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that defendant's actions have subjected Plaintiff Parker to a deprivation of 8th

    and 14th amendment constitutional rights in violation of 42 U.S.C. §1983; and

 ii. Enjoin Defendant from any further constitutional violations; and

 iii. Enter an order for equitable relief directing the Defendant to comply with Constitutional guidelines in providing care and protection for juveniles at North Central Secure Treatment Unit and Ravine Academy.

 iv. Grant a jury trial as to this count.

50. COUNT FIVE– FEDERAL CIVIL RIGHTS VIOLATION

Plaintiff Parker v. Defendant Neff - Claims under 42 U.S.C. §1983: Eighth and Fourteenth Amendments

 a. Plaintiff Parker incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

 b. As a direct and proximate result of Defendant's conduct Plaintiff Parker was deprived of his Eighth Amendment rights and his due process liberty and equal protection rights under the law.

    c. Defendant acted with intent and the unlawful practice engaged in by Defendant was willful or reckless and in deliberate disregard for Plaintiff's federally protected rights.

    d. As a direct and proximate result of Defendant's conduct, Plaintiff Parker incurred compensatory damages, costs, attorney fees, and expenses.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Neff for the following:

    v. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that defendant's actions have subjected Plaintiff Parker to a deprivation of 8th and 14th amendment constitutional rights in violation of 42 U.S.C. §1983; and

    vi. Enjoin Defendant from any further constitutional violations; and

    vii. Enter an order for equitable relief directing the Defendant to comply with Constitutional guidelines in providing care and protection for juveniles at North Central Secure Treatment Unit and Ravine Academy.

    viii. Grant a jury trial as to this count.

51. COUNT SIX – STATE LAW CLAIM –ASSAULT AND BATTERY

    Plaintiff Parker v. Defendants Mills and Cade

    a. Plaintiff Parker incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

    b. The acts and conduct of Defendants Mills and Cade constitute assault and battery under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate said claims.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against the named Defendants and award Plaintiff compensatory damages against the named Defendants, jointly and severally and punitive damages in such amounts as the jury determines and any other relief that the Court deems appropriate.

52. COUNT SEVEN– STATE LAW CLAIM –CIVIL CONSPIRACY

    Plaintiff Parker v. Defendant Cade

    a. Plaintiff Parker incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

    b. Defendant conspired with the detained juvenile to commit assault and battery of Plaintiff Parker.

    c.  The acts and conduct of Defendant Cade constitute civil conspiracy under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate said claims.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against the named Defendants and award Plaintiff compensatory damages against the named Defendants, jointly and severally and punitive damages in such amounts as the jury determines and any other relief that the Court deems appropriate.

                                          Respectfully submitted,
                                          **TRIQUETRA LAW**

DATED: October 16, 2008        S/Sharon R. López
                                          Sharon R. López
                                          Attorney for Plaintiff Laquan Parker
                                          35 East Orange Street, Suite 301
                                          Lancaster, PA  17602
                                          (717)  299-6300 (Telephone)
                                          (717)  299-6300 (Fax)
                                          Lopez@TriquetraLaw.com
                                          PA ID 70605